UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CYNTHIA C. TAGGART,

        Plaintiff,

                   06 Civ. 3388 (PKC)

                   MEMORANDUM
                   AND ORDER

   -against-

MOODY'S INVESTORS SERVICE et. al.,
           Defendants.
----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

    On July 17, 2007, I issued a Memorandum and Order which granted defendant Moody's Investors Service's ("Moody's") motion to dismiss. See Taggart v. Moody's Investors Servs., 2007 WL 2076980 (S.D.N.Y. July 17, 2007), familiarity with which is assumed. Plaintiff, proceeding pro se, now moves for reconsideration of that decision. For the reasons set forth below, plaintiff's motion is denied.

    A party seeking reconsideration, pursuant to Rule 59(e), Fed. R. Civ. P. and Local Civil Rule 6.3, faces a heavy burden. Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Management Sys. Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000). A motion for reconsideration will be granted only where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); see also Hammer v. First Unum Life Ins. Co., 2005 WL 525445, at *2 (S.D.N.Y. Mar. 7, 2005), aff'd, 160 Fed. Appx. 103 (2d Cir. 2005). Motions for reconsideration are "not intended as a vehicle for a party dissatisfied with the court's ruling to

advance new theories" or "to secure a rehearing on the merits . . . ." Ferrand v. Credit Lyonnais, 292 F.Supp.2d 518, 520 (S.D.N.Y. 2003)(citation omitted), aff'd, 110 Fed. Appx. 160 (2d Cir. 2004).  Accordingly, motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

In my July 17, 2007 Memorandum and Order, I held that plaintiff failed to satisfy the pleading standard of Rule 8(a)(2), Fed. R. Civ. P., which requires that a plaintiff's civil complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  I held that plaintiff had failed to plead "enough facts to state a claim to relief that is plausible on its face." Taggart, 2007 WL 2076980 at *1 (citing Bell Atlantic v. Twombly, 550 U .S.-, 127 S.Ct. 1955, 1974 (U.S. May 21, 2007)).  I concluded that plaintiff's sixth amendment, eighth amendment and due process claims suffered from several infirmities, including that plaintiff had failed to allege that she was the subject of a criminal proceeding, custodial interrogation, or any proceeding during which her sixth amendment or due process rights would attach as well as failed to allege cruel or unusual treatment in violation of the eighth amendment. See Taggart, 2007 WL 2076980 at *5.  I further concluded that plaintiff had failed to identify, or to allege facts which would permit the Court to identify, a substantive right upon which her claim under 42 U.S.C. § 1985(3) was predicated and that her claims for intentional infliction of emotional distress ("IIED") were improperly predicated on events that were outside of the applicable statutory timeframe or, when within the time frame, were rooted in quasi-judicial statements which cannot give rise to a claim for IIED. Id. at *5-7.  Finally, I concluded that plaintiff had failed to allege facts to sustain her claims for gender discrimination or under the Americans with Disabilities Act ("ADA"). Id. at *7-8.

In this motion for reconsideration, plaintiff contends that the Court's July 17 Memorandum and Order, "factually confused the law . . . by failing to accept the truth of plaintiff's factual allegations and unfairly characterizing them as 'not plausible' . . ." as well as failed to "examine all possible theories- and/or grant relief on at least one theory- as it was supposed to do." (Mem at 2, 6)  Through this motion, plaintiff intends to "provide the Court clarification of her arguments" set forth in the underlying motion and supporting documents.  In response to a request from plaintiff, I permitted plaintiff to submit a sur-reply and any additional material that she wished the Court to consider. (Doc. # 31)  Plaintiff has submitted a six page letter-brief in which she does not address the July 17 Memorandum and Order but objects to the Court's endorsement of a May 22, 2007 letter to the Court from the District's Pro Se Office asking that a law school related clinic be relieved from representing plaintiff during mediation. (Doc. # 22)  This claim formed no part of the underlying motion and is not properly considered on a motion for reconsideration. See U.S. Underwriters Ins. Co. v. Falcon Const. Co., 2005 WL 497792, *2 (S.D.N.Y. Mar. 3, 2005)(citation omitted).

Plaintiff has failed to satisfy her burden on the motion for reconsideration. Plaintiff has neither cited to any controlling authority overlooked by the Court nor has plaintiff raised any factual considerations that the Court was presented with but failed to consider. Shrader, 70 F.3d at 257.  Despite Taggart's contention otherwise, the Court carefully considered all documents it was permitted to, including "the facts as stated in the complaint, any documents which are attached to the complaint, and any documents which are incorporated into the complaint by reference." Taggart, 2007 WL at 2076980 at *1.  Indeed, exhibits to the Complaint are referenced throughout the July 17 Memorandum and Order.  Similarly, the Court did not refuse to examine any theory raised by plaintiff nor did the Court decline to accept the truth of

plaintiff's allegations. Rather, taking all of the allegations in the Complaint as true and considering all theories suggested by those allegations, I concluded that the pleading neither gave "the defendant fair notice of what the . . . claim is and the grounds upon which it rests", Taggart, 2007 WL 2076980 *1 (citing Erickson v. Pardus, –U.S. – , 127 S. Ct. 2197, 2200 (U.S. Jun. 4, 2007) (citations omitted)), nor "nudged [her] claims across the line from conceivable to plausible." Taggart, 2007 WL 2076980, *1 (citing Twombly, 127 S. Ct. at 1974).

On the present motion, plaintiff contends that the Court improperly determined that statements in documents submitted by Moody's in the course of a quasi-judicial proceeding before the New York Division of Human Rights ("NYDHR") are privileged and could not form the basis for plaintiff's IIED claim. Taggart, 2007 WL 2076980, *6 (citing Rosenberg v. Met Life, 8 N.Y.3d 359, 365 (2007) (citation omitted), Silver v. Mohasco Corp., 62 N.Y.2d 741, 743 (1984)("[S]tatements made before the State Division of Human Rights are privileged.")) Plaintiff contends that the Court failed to consider whether the documents on which plaintiff relied for her IIED claim have lost their privileged nature because they are false and were maliciously submitted by defendants both in the NYDHR proceeding an in the case before me. The statements contained in Paragraph F of Moody's response are plainly relevant to the NYDHR proceeding. There is no evidence in the record before the Court that defendants maliciously, knowingly or deliberately submitted evidence which they knew to be false in either the NYDHR proceeding or this litigation.

In endeavoring to utilize the motion for reconsideration to "clarify" her arguments on the motion to dismiss, Taggart impermissibly "reargues the points [she] made during the initial briefing and now explains to the Court how its analysis is 'erroneous'". Banco de Seguros

Del Esrado v. Mut. Marine Offices, Inc., 230 F.Supp.2d 427, 431 (2002).[1] Plaintiff's new motion is merely an attempt to relitigate those matters already decided, which she may not do. See Shrader, 70 F.3d at 257.

Having considered all of plaintiff's arguments and all evidence submitted in conjunction with the motion, I adhere to my prior ruling that plaintiff's pleading fails to plead "enough facts to state a claim to relief that is plausible on its face" and must therefore be dismissed. Taggart, 2007 WL 2076980, *1 (citing Twombly, 127 S. Ct. at 1960)

For the foregoing reasons, the motion for reconsideration is denied.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 25, 2007

---

[1] Plaintiff further contends that, in addition to erring in its analysis of plaintiff's substantive claims, the Court "incorrectly stated that plaintiff had not served the other parties when she had done so but could not serve the John and Jane Doe defendants individually" because she "could not obtain their identities." (Mem. at 11) Merely serving the agencies at which the John and Jane Doe employees allegedly work is insufficient under Rule 4(m). Further "[p]laintiff has not sought an extension of the time allowed under Rule 4(m)" and "has had over a year from the filing of the Complaint to identify and serve the John and Jane Doe defendants." Taggart, 2007 WL 2076980 at *9 (citations omitted).